UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

The Medical College of Wisconsin, Inc.,

                                                                  Case No. 15-CV-151-JPS

          Plaintiff,

   v.

Attachmate Corporation,

          Defendant.

# PLAINTIFF THE MEDICAL COLLEGE OF WISCONSIN, INC.'S OPPOSITION TO ATTACHMATE'S MOTION *IN LIMINE* NO. 3 (ROAMING USERS)

As an initial matter, Attachmate's motion *in limine* misconstrues the College's position concerning roaming users. Attachmate asserts that the College "argued unsuccessfully on summary judgment that the Roaming User provision in § 1 of the Reflection 10 EULA reduced the number of licenses that it was required to purchase." (Docket #122.) Rather, the College argued that a reasonable interpretation of the license agreement (against the drafter), required recognition that the determination of the number of licenses needed would depend upon whether the licensee was using the licensed software under a device-based model or, alternatively, some other model, such as the roaming user model which was expressly permitted by the grant of license.

Attachmate also overstates the meaning of the Court's statement that the College "presents no evidence to show that is has established roaming user profiles so as to justify its license shortfall." (Docket #113 at 34.) The Court made this statement in the context of contract interpretation on summary judgment to analyze whether the College breached Section 1 of the

EULA. Despite this limited scope, on the basis of the Court's statement, Attachmate now asks this Court to prohibit the College from seeking to introduce any testimonial or documentary evidence related to roaming users at trial. To do so would unnecessarily and unfairly tie the College's hands and interfere with its ability to explain to the jury how and why it installed and used the software which is directly relevant to whether Attachmate can prove copy right infringement and damage, and if so, in what amount.

Although, generally, evidence should not be used to "support [a] claim on which judgment has been entered, . . . *if the evidence is also relevant to a claim or issue that remains in the case, the evidence is admissible for that limited purpose*." *Thakore v. Universal Mach. Co. of Pottstown*, 670 F. Supp. 2d 705, 716 (N.D. Ill. 2009) (emphasis added). As the moving party, Attachmate bears the burden of establishing that the evidence is not admissible for any purpose. *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 U.S. Dist. LEXIS 109318, *3 (N.D. Ill Aug. 3, 2012) ("The moving party bears the burden of establishing that the evidence is not admissible for any purpose.") In the Seventh Circuit, "[t]he Court will only grant a motion in limine when the evidence is clearly inadmissible for any purpose." *Id.* at *3.

Attachmate has failed to meet its burden. First, it does not address how or why evidence regarding the Roaming User provision is irrelevant to its claim for copyright infringement or its claim of damages, which is also a necessary element to succeed on its breach-of-contract claim. Second, Attachmate makes no mention of the damages element in its motion, but simply attempts to extend the Court's ruling on breach of the EULA to all other issues in the case. Moreover, how and why the College installed and used the licensed Reflection software is directly relevant to the question of whether Attachmate was damaged, and if so, how much. Attachmate portrays the College as having failed to consider how it might use the Reflection

software in a manner that protected the software from unauthorized use beyond the scope of the license grant or infringement of its copyright, when in fact, the record contains evidence that the College did use methods to protect the software. This is relevant evidence that the jury must hear to be able to fairly assess the questions relating to whether the College infringed Attachmate's copyrights and questions relating to damage. Therefore, Attachmate's Motion *in Limine* No. 3 (Roaming Users) should be denied.

Dated this 7th day of March, 2016.

**MICHAEL BEST & FRIEDRICH LLP**

By: s/ *S. Edward Sarskas*
S. Edward Sarskas, SBN 1025534
Melanie J. Reichenberger, SBN 1061510
Joseph P. Serge, SBN 1096546
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Phone: 414.271.6560
Fax: 414.277.0656
sesarskas@michaelbest.com
mjreichenberger@michaelbest.com
jpserge@michaelbest.com

Attorneys for Plaintiff
The Medical College of Wisconsin, Inc.