UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

The Medical College of Wisconsin, Inc.,

                                                 Case No. 15-CV-151-JPS

        Plaintiff,

  v.

Attachmate Corporation,

        Defendant.

---

**PLAINTIFF THE MEDICAL COLLEGE OF WISCONSIN, INC.'S
OPPOSITION TO ATTACHMATE'S MOTION *IN LIMINE* NO. 4
(OVERLAP BETWEEN CITRIX AND LOCAL DEPLOYMENTS)**

---

The basis for Attachmate's motion is its claim that the College never provided information regarding which of the College's devices with installations of Reflection X version 10.0 were used to access Reflection X version 10.0 via Citrix servers. Tellingly, Attachmate fails to identify any discovery request it propounded on the College seeking that precise information. Instead, Attachmate refers to requests it made of the College for such information during the audit and before litigation had even commenced. In response to that pre-litigation request, the College explained to Attachmate that the information was not available. Attachmate also points to its Statement of Material Facts filed in conjunction with summary judgment proceedings, in which Attachmate stated: "However, the MCW never provided Attachmate with information that it could use to eliminate any double counting of the same computer." (Docket #40, ¶ 47.) This statement was most certainly not a request for the College's production of documents or information but simply sought an admission from the College that Attachmate had

asked for the information, during the audit process, and that the College did not supply it at that time.

As the moving party, Attachmate bears the burden of establishing that the evidence at issue—overlap between Citrix and local deployments of the Reflection software—is not admissible for any purpose. *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 U.S. Dist. LEXIS 109318, *3 (N.D. Ill Aug. 3, 2012) ("The moving party bears the burden of establishing that the evidence is not admissible for any purpose.") Attachmate has failed to meet its burden and its motion *in limine* should be denied for that reason alone.

To the extent that Attachmate's motion *in limine* is determined to be allowable, and is limited in scope to preclude the College from offering specific evidence and argument about the *exact number* of installations of Reflection X version 10.0 that overlap between Citrix and local deployments beyond the explanation it provided in discovery, then the College does not oppose such a narrow limitation. As the College has explained, it was not able to determine the exact number of devices with installations of Reflection X version 10.0 that were also devices from which users accessed Reflection X version 10.0 via a Citrix server. However, Attachmate's request should not be broadened beyond this narrow limitation to try to preclude other general evidence and argument about the *manner in which* Reflection X version 10.0 and Reflection for Unix and Open VMS version 10.0 (which has been described as both an independent standalone product and a component product of Reflection X version 10.0) were installed and used by the College, which is applicable to the issues remaining for trial..

Dated this 7th day of March, 2016.

        **MICHAEL BEST & FRIEDRICH LLP**

        By: *s/ S. Edward Sarskas*
         S. Edward Sarskas, SBN 1025534
         Melanie J. Reichenberger, SBN 1061510
         Joseph P. Serge, SBN 1096546
         100 East Wisconsin Avenue, Suite 3300
         Milwaukee, WI 53202
         Phone: 414.271.6560
         Fax: 414.277.0656
         sesarskas@michaelbest.com
         mjreichenberger@michaelbest.com
         jpserge@michaelbest.com

        Attorneys for Plaintiff
        The Medical College of Wisconsin, Inc.